**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Valerie Belvin, as personal representative of the Estate of David Baker, ) ) ) | Civil Action No.: 3:21-cv-02169-JMC |
| Plaintiff, ) ) | |
| ) | **ORDER AND OPINION** |
| v. ) ) | |
| Sedgewood Manor Health Care Center, LLC, and Joe Hunt, ) ) ) | |
| ) | |
| Defendants. ) | |

This matter is before the court pursuant to Defendant Sedgewood Manor Health Care Center, LLC ("Sedgewood Center") and Defendant Joe Hunt's ("Hunt") Motion to Dismiss. (ECF No. 4.) Defendants move to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(e). (ECF No. 4 at 1.) For the reasons set forth below, the court **GRANTS** Defendants' Motion to Dismiss (ECF No. 4) and dismisses Plaintiff's fraud and misrepresentation claim and violations of the South Carolina Unfair Trade Practices Act claim.[1]

## I.     RELEVANT BACKGROUND

This case arises from negligence, fraud, and violations of South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 (West 2022), claims by Plaintiff Valerie Belvin, as personal representative of the estate of David Baker, against Defendant Sedgewood Center and Defendant Hunt. (ECF No. 4-1 at 3.) On or about March 13, 2020, David Baker ("Baker") was admitted to Sedgewood Manor Health Care Center, a nursing home facility in Hopkins, South Carolina, where he remained for six (6) months. (ECF No. 4-1 at 3, 4 ¶¶ 2, 10.)

---

[1] The court dismisses Plaintiff's fraud and misrepresentation claim and her claim for violations of SCUTPA. Thus, Plaintiff's remaining claims are negligence, negligence *per se*, negligence – wrongful death, and negligence – survivorship.

1

Plaintiff alleges Baker developed multiple infected pressure sores while in the care of Defendants which caused him to suffer great pain, suffering, and eventually death. (ECF No. 31 at 10 ¶ 31.) Plaintiff, as representative of Baker's estate, filed a complaint on June 21, 2021, and laid out six (6) causes of action: (1) negligence; (2) negligence *per se*; (3) fraud and misrepresentation; (4) violation of SCUTPA; (5) negligence – wrongful death; and (6) negligence – survivorship. (ECF No 4-1 at 9-24.) Defendants' present Motion to Dismiss (ECF No. 4) seeks to dismiss Plaintiff's claims for fraud and violations of SCUTPA. Defendants' Motion to Dismiss argues (1) Plaintiff lacks standing to sue for unfair trade practices under SCUTPA because the statute forbids representative parties from bringing survival actions; (2) Plaintiff's Complaint did not contain particularized allegations of fraud and thus failed to state a claim for fraud, misrepresentation, and unfair trade practices; and (3) Plaintiff is prohibited from transforming negligence claims into fraud claims without pleading particularized allegations of fraud. (ECF No. 4 at 1-2.) Plaintiff did not file a response to Defendants' motion.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan*

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). Courts commonly refer to this as the *Twombly/Iqbal* standard for federal pleadings, which a plaintiff needs to overcome to survive a Rule 12(b)(6) dismissal. *Brown-Thomas v. Hynie*, 412 F. Supp. 3d 600, 605 (D.S.C. 2019).

### III.    ANALYSIS

**A.  Plaintiff's Fraud and Misrepresentation Claim**

Plaintiff failed to sufficiently plead fraud with particularity. Defendants contend "Plaintiff has failed to state claims for fraud, misrepresentation, and unfair trade practices because Plaintiff's Complaint contains no particularized allegations of fraud to support any of these claims." (ECF No. 2 at 12.)  Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." To adequately state a cause of action for fraud under South Carolina law, a plaintiff must allege with specificity the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *See Regions Bank v. Schmauch*, 582 S.E.2d 432, 444 (S.C. 2003).   The pleading must also include the time, place, contents of the misrepresentation, the identity of the person making the misrepresentation, and what the person gained by the misrepresentation. *See Harrison v. Westinghouse Savannah River Co*., 176 F.3d

3

776, 784 (4th Cir. 1999). "A complaint which fails to specifically allege the time, place and nature of the fraud is subject to dismissal on a Rule 12(b)(6) motion." *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 980 (4th Cir. 1990); *see also Brown v. Stewart*, 557 S.E.2d 676, 680 (S.C. Ct. App. 2001).

Here, Plaintiff failed to allege with particularity circumstances constituting fraud and thus fails to state a claim of fraud upon which relief can be granted. Plaintiff only alleges Defendants generally "promoted and disseminated" certain representations and information but fails to identify a specific misrepresentation made at a specific time and place by a specific defendant to the Plaintiff and fails to specifically allege Plaintiff relied on any alleged misrepresentations. In support of her fraud claim, Plaintiff alleges:

> The Defendants, through deception, artifice, and circumvention, successfully defrauded Plaintiff, who trustingly submitted to care at the Defendants' facilities on the basis of explicit and implicit representations:
>
> a. That the Defendants would comply on a continuing basis with those licensure requirements, regulations, laws and professional standards designed to assure the Plaintiff received safe and adequate care;
>
> b. That the Defendants would adequately staff the skilled nursing facility and he would enjoy confident and adequately trained employees;
>
> c. That the Defendants would provide high quality professional care and would accurately and truthfully document the condition of the Plaintiff and the care rendered to him;
>
> d. Such other misrepresentations as may are set forth above in this Complaint or as may later be set forth

(ECF No. 4-1 at 14 ¶ 50.)

The only other specific representations set forth in the Complaint pertain to Defendants' compliance with licensure requirements. Plaintiff detailed twenty (20) requirements and duties that Defendants acknowledged by signing an application to obtain a license to run a nursing home

in the State of South Carolina.  (ECF No. 4-1 at 4-10 ¶¶ 9-29.)  Plaintiff further alleged "[a]t the time of [Baker's] admission to care," Defendants promoted and disseminated the representations and information which would lead Baker, his family, and other similarly situated consumers to believe the representations to be true.  (*Id.* at 15 ¶ 51.)  Additionally, Plaintiff merely alleged Baker and his family had a right to rely on the representations and concealments made by Defendants.  (*Id.* at 15 ¶ 57.)

First, Plaintiff failed to identify the specific individual who made any misrepresentations and failed to plead a specific time and place any misrepresentations were made.  Plaintiff alleges Defendants made both explicit and implicit representations that Defendants would comply with licensing requirements, regulations, laws, and professional standards of care, would adequately staff the facility, and would provide a high quality of professional care.  (ECF. No. 4-1 at 14 ¶ 50.)  Plaintiff contends that "at the time of the Plaintiff's admission to care, the Defendants promoted and disseminated the . . . representations and information . . . ."  (*Id.* at 15 ¶ 51.)  General allegations that fail to identify a specific individual's specific conduct or statements do not fulfill the heightened particularity standard for pleading fraud under Rule 9(b).  *See Arnlund v. Smith,* 210 F. Supp. 2d 755, 760 (E.D. Va. 2002) (quoting *Apple v. Prudential–Bache Sec., Inc.,* 820 F. Supp. 984, 987 (W.D.N.C.), *aff'd sub. nom.* 1993 WL 138523 (4th Cir. 1993)) (A plaintiff must identify, with particularity, each individual defendant's culpable conduct; defendants cannot be grouped "together without specification of which defendant committed which wrong.").  Here, Plaintiff failed to identify a particular defendant and when and how the particular defendant made the alleged representations to Plaintiff; instead, Plaintiff only alleges the representations were generally promoted or disseminated.

5

Second, Plaintiff cannot use Defendants' application for license as a basis for a fraud and misrepresentation claim. Plaintiff's Complaint identifies twenty (20) requirements and duties that Defendants acknowledged by signing its application for a South Carolina license to operate a nursing home. (ECF No. 4-1 at 4-10 ¶¶ 9-29.) Plaintiff claims that Defendants' acknowledgement of these duties on its licensing application constituted a representation to Baker, and Defendants' failure to fulfill these duties amounted to a fraudulent misrepresentation. "[A] false prediction or promise of future events generally cannot be a basis for fraud because it is not a representation, there is no right to rely on it, and it is not false when made." *Miller v. Premier Corp.,* 608 F.2d 973 (4th Cir. 1929); *Holt v. Quaker State Oil Refin. Co.,* 67 F.2d 170 (4th Cir. 1933). Thus, the fact Defendants obtained a license by acknowledging through signature a set of duties and responsibilities which Plaintiff claims Defendants later failed to fulfill cannot alone constitute a fraudulent misrepresentation. Without a specific misrepresentation made at a specific time and place that Defendants knew was false at the time it was made, Plaintiff's claim merely amounts to a breach of contract claim or an establishment of a duty owed rather than a fraudulent misrepresentation.

Finally, Plaintiff failed to plead with specificity whether and how Baker actually relied on Defendants' representations. Plaintiff's Complaint alleges that the representations and information would lead Baker, his family, and other similarly situated consumers to believe the above representations to be true and that "Plaintiff and his family had a right to rely on the misrepresentations and concealments made by the defendant." (ECF No. 4-1 at 15 ¶¶ 52, 57.) The United States Court of Appeals for the Fourth Circuit has previously held "[r]easonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud . . . and such reliance must be pleaded with particularity." *Xia Bi v. McAuliffe*, 927 F.3d 177 (4th

6

Cir. 2019) (quoting *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987)). Thus, merely stating the alleged representations would theoretically lead an individual to believe those representations or that the individual had a right to rely on the alleged representations does not fulfill the particularity requirement of pleading fraud. Instead, Plaintiff must allege how and whether Baker *actually* relied upon the alleged representation to adequately state a claim, which Plaintiff failed to do. *See id.* ("How and whether a party relied on a misstatement is every bit as much a 'circumstance constituting fraud' as any other element"). Therefore, Plaintiff's Third Cause of Action – Fraud and Misrepresentation (ECF No. 4-1 at 14-15 ¶¶ 49-59) – fails to state a claim upon which relief can be granted and is dismissed without prejudice.

### B. Plaintiff's SCUTPA Claim

Plaintiff is barred from bringing a claim based on a violation of SCUTPA because SCUTPA does not allow representative parties from bringing survival actions arising under the statute. Plaintiff, in support of her violation of SCUTPA claim, alleged Defendants' actions constituted unfair and deceptive practices within the meaning of Section 39-5-20(a) of SCUTPA. (ECF No. 4-1 at 16 ¶ 63.) However, Section 39-5-140(a) of SCUTPA states:

> (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages.

S.C. Code Ann. § 39-5-140(a). "By statute . . . a SCUTPA claim cannot be brought in a representative capacity—SCUTPA prohibits the survival of a cause of action after a plaintiff's death." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 538 (D.S.C. 2014) (citing S.C. Code Ann. § 39-5-140)). Plaintiff filed the Complaint as the "Personal Representative of the Estate of David Baker" (ECF No. 4-1 at 2) and is therefore barred from bringing a SCUTPA claim against

7

Defendants. Therefore, Plaintiff's Fourth Cause of Action – Violation of the South Carolina Unfair Trade Practices Act (ECF No. 4-1 at 15-17 ¶¶ 60-68) – fails to state a claim upon which relief can be granted and is dismissed with prejudice.

## IV.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendants' Motion to Dismiss (ECF No. 4), dismisses Plaintiff's fraud and misrepresentation claim without prejudice, and dismisses Plaintiff's claim for violations of the South Carolina Unfair Trade Practices Act claim with prejudice. The court, however, will allow Plaintiff fifteen (15) days from the issuance of this order to replead her fraud claims by amending the Complaint.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

March 22, 2022
Columbia, South Carolina

8